**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**   )
                                )
       **Plaintiff,**           )
                                )
**v.**                          )
                                )   **Case No. 11-20090-01-CM (Criminal)**
**DALE K. HILL,**               )   **16-2465-CM (Civil)**
                                )
       **Defendant.**          )
                                )

## MEMORANDUM AND ORDER

This case is before the court on defendant Dale Hill's pro se motions to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 52) and to appoint counsel (Doc. 57). Defendant claims that the sentence enhancement based on use of a firearm during and in relation to a crime of violence, under 18 U.S.C. § 924(c), is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons set forth below, this court dismisses defendant's motion.

**I.    Background**

On January 23, 2012, defendant pleaded guilty to armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(a)(ii). The court sentenced defendant to 77 months for armed bank robbery and a consecutive term of 84 months for brandishing a firearm during the robbery, for a controlling sentence of 161 months. Judgment was entered on April 24, 2012, and defendant did not file a direct appeal.

Defendant filed his § 2255 motion on June 27, 2016. Defendant seeks collateral review approximately four years after his conviction was final. He relies on a right that the United States

-1-

Supreme Court recognized in *Johnson*, which was made retroactively applicable to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).  *See* 28 U.S.C. § 2255(f)(3).

**II.    Defendant's Waiver**

Within defendant's plea agreement, defendant waived the right to challenge his sentence in a collateral attack under § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), 18 U.S.C. § 3582(c)(2), and a motion brought under Fed. R. Civ. P. 60(b).  The government seeks to enforce this waiver as to defendant's claims challenging his sentence.

Generally, a knowing and voluntary waiver of 18 U.S.C. § 2255 rights is enforceable.  *United States v. Frazier-LeFear*, 665 F. App'x 727, 729 (10th Cir. 2016) (citing *Cockerham*, 237 F.3d at 1183).  The court, however, considers whether enforcing the waiver will result in a "miscarriage of justice."  *Id.* (citing *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004)).

The Tenth Circuit recently addressed whether a *Johnson*-based sentencing challenge would entail a miscarriage of justice, and ultimately held that it did not under Tenth Circuit precedent.  *See Frazier-LeFear*, 665 F. App'x at 731–32 (10th Cir. 2016) (noting that the miscarriage of justice "exception is implicated only when the asserted legal error concerns the waiver itself, rather than some other aspect of the proceedings such as the determination of the defendant's sentence[] . . .").  Here, defendant agreed to relinquish his right to collaterally attack any sentence imposed in accordance with his plea agreement, which includes any challenge under *Johnson*.  *See id.* at 732 ("The fact that [Ms. Frazier-LeFear's] relinquishment of this right results in the lost opportunity to raise a constitutional challenge under *Johnson* reflects the natural operation, not the invalidity, of the waiver.").

Defendant's *Johnson*-based challenge to use of armed bank robbery as a predicate crime of violence under 18 U.S.C. § 924(c) is a challenge to the lawfulness of his sentence, not to the lawfulness of his waiver.  As such, it does not support a finding that enforcement of the waiver would

result in a miscarriage of justice. *See Frazier-LeFear*, 665 F. App'x at 732. Defendant entered into his collateral-challenge waiver knowingly and voluntarily, and although the Supreme Court changed the law in *Johnson*, this change did not render defendant's waiver itself unlawful. Consequently, the court enforces defendant's collateral-challenge waiver.

To the extent that defendant is arguing ineffective assistance of counsel for not raising this issue previously; *Johnson* is a recent change in the law. Defendant cannot demonstrate that defense counsel's performance was deficient based on a case that had not yet been decided at the time defendant was sentenced. *See United States v. Taylor*, 415 F. App'x 96, 99 (10th Cir. 2011) (stating that the Sixth Amendment's right to effective assistance of counsel does not require counsel to predict future changes in the law) (citing *United States v. Harms*, 371 F.3d 1208, 1212 (10th Cir. 2004)).

Even without the wavier, defendant would be ineligible for relief. The cases cited by defendant address the residual clauses of 18 U.S.C. §§ 16(b) and 924(c). However, other circuits have held that armed bank robbery is a crime of violence under § 924(c)'s force or element clause, not the residual clause. *See, e.g.*, *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) ("[W]e are satisfied that bank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3), because it 'has as an element the use, attempted use, or threatened use of physical force'—specifically, the taking or attempted taking of property 'by force and violence, or by intimidation.'"); *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016) ("[E]ven were we to extrapolate from the *Johnson* holding a conclusion that § 924(c)(3)(B) was also unconstitutional, it would not help Hines because his § 924(c) conviction on Count 2 was explicitly based on his companion Count 1 conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). And a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in §

924(c)(3)(A), which requires the underlying offense to include as an element, "the use, attempted use, or threatened use of physical force against the person or property of another.").

Furthermore, *Johnson* did not clearly invalidate § 924(c)'s residual clause. Instead, *Johnson* held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563.

Because defendant is not entitled to relief, the court denies his motion for appointment of counsel as well as his request for an evidentiary hearing. An evidentiary hearing is generally not required when "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The existing record is sufficient for this court to resolve defendant's claims.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

**IT IS THEREFORE ORDERED** that defendant Dale Hill's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 52) is dismissed.

**IT IS FURTHER ORDERED** that defendant's motion to appoint counsel (Doc. 57) and his request for an evidentiary hearing are denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

Dated this 10th day of May, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
