**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 11-20090-01-CM (Criminal) |
| **DALE K. HILL,** ) | 16-2465-CM (Civil) |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This case is before the court on defendant Dale Hill's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. 60).

**I. Legal Standards**

If a habeas petitioner files a Rule 59(e) motion, the court must first examine whether the motion is a true motion to alter or amend judgment or for relief from judgment. *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006). The motion may actually be a second or successive petition. The question is whether the motion: (1) "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction"; or (2) challenges one of the court's procedural rulings that precluded resolution of the habeas petition on its merits; or (3) challenges "a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitnas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006) (applying Rule 60(b)). Motions falling under the first category should be treated as second or successive petitions. Motions falling under the second or third category are treated as any other Rule 59(e) motion.

If the court finds that defendant's motion is actually a second or successive petition, then it treats it accordingly, referring the matter to the Tenth Circuit for authorization if "it is in the interest of justice to do so." *Id.* at 1217; *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). If the motion is "mixed," the court will also take mixed action: treating the Rule 59(e) portions as such, and forwarding the remainder to the Tenth Circuit for authorization if appropriate. *Id.*

**II. Discussion**

Defendant argues that the court erred in denying his § 2255 motion for several reasons. First, he argues that *United States v. Frazier-LeFear*, 665 F. App'x 727, 731–32 (10th Cir. 2016), is unpublished and not precedential. Defendant claims that he cannot waive his right to appeal a sentence that resulted in a miscarriage of justice or unlawful sentence. He further notes that the United States Supreme Court has granted certiorari in *Class v. United States*, No. 16-424, on whether a guilty plea inherently waives a defendant's right to challenge the constitutionality of his statute of conviction.

The court recognizes that the ramifications of *Johnson v. United States*, 135 S. Ct. 2551 (2015), have not been fully determined at this juncture. However, the court is required to follow Tenth Circuit precedent, which has consistently rejected arguments similar to defendant's position. *See United States v. Smith*, 500 F.3d 1206, 1214 (10th Cir. 2007) (clarifying that the fourth exception "looks to whether the waiver is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error[]"); *see also United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) ("Our inquiry [under the fourth exception] is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible."). The Tenth Circuit explained that "[t]o allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive." *Smith*, 500 F.3d at 1213.

Defendant also claims his counsel was ineffective and argues that armed bank robbery is not a crime of violence under the force clause of § 924(c) because intimidation is insufficient. He further argues that the issues raised are debatable. But the court has already addressed these arguments; thus, defendant's motion is a second petition. Consequently, the court lacks jurisdiction to consider these claims.

Under 28 U.S.C. § 2255, federal prisoners seeking to file a second or successive motion must first obtain authorization from the court of appeals before the district court can consider the motion. *In re Cline*, 531 F.3d at 1250. When a second unauthorized § 2255 motion is filed, the court has discretion in determining whether to transfer the action to the circuit court or dismiss the action without prejudice. *See id.* at 1251; *see also* 28 U.S.C. § 1631. "A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h)." *United States v. Lara-Jiminez*, 377 F. App'x 820, 822 (10th Cir. 2010) (citing *In re Cline*, 531 F.3d at 1252). Section 2255(h) identifies two situations in which a second or successive motion is certifiable: (1) certain newly discovered evidence exists; or (2) certain new rules of constitutional law have been announced.

Defendant does not argue that newly discovered evidence exists. And, as addressed above, the court finds that defendant has not shown that a new rule of constitutional law is applicable to his case. It is not in the interest of justice to transfer the case, and the court dismisses defendant's motion without prejudice.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

**IT IS THEREFORE ORDERED** that defendant Dale Hill's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. 60) is dismissed.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

Dated this 21st day of June, 2017, at Kansas City, Kansas.

        s/ Carlos Murguia
        **CARLOS MURGUIA**
        **United States District Judge**