IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-20090-01-JWL |
| | ) | Civil Case No:  20-2302-JWL |
| DALE K. HILL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court[1] on defendant's petition for relief pursuant to 28 U.S.C. § 2255 (Doc. # 73).  For the reasons set forth below, the petition is **denied**.[2]

### I.    Background

In 2012, defendant pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a); and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  He was sentenced to consecutive terms of 77 and 84 months on those respective counts.

_____

[1] On May 27, 2020, this case was reassigned to the undersigned judge.

[2] Because the petition and records of this case show conclusively that defendant is not entitled to relief, the Court need not conduct a hearing.  *See* 28 U.S.C. § 2255(b).

By Memorandum and Order of May 10, 2017, the Court denied defendant's first Section 2255 petition. In that petition defendant argued that his Section 924(c) conviction should be vacated in light of the Supreme Court's ruling in *Johnson v. United States*, 576 U.S. 591 (2015). In *Johnson*, the Supreme Court held that the definition of "violent felony" in the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. *See Johnson*, 576 U.S. 591. Defendant argued that the definition of "crime of violence" in the residual clause of Section 924(c)(3)(B) should also be deemed unconstitutionally vague under the reasoning of *Johnson*. This Court enforced the waiver of collateral attack in defendant's plea agreement, and it therefore dismissed the petition. The Court further stated that defendant would not be entitled to relief even without the waiver because bank robbery under Section 2113(a) is a "crime of violence" under the elements clause of Section 924(c)(3)(A).

By Order of August 9, 2018, the Tenth Circuit denied defendant a certificate of appealability from that dismissal. *See United States v. Hill*, 745 F. App'x 77 (10th Cir. 2018) (unpub. op.). The Tenth Circuit did not rely on the waiver, but instead rejected defendant's argument on the merits. The court cited its opinion in *United States v. McCranie*, 889 F.3d 677 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1260 (2019), noting that in *McCranie* it had rejected the same arguments in holding that a Section 2113(a) bank robbery conviction is categorically a crime of violence.

Defendant subsequently sought authorization from the Tenth Circuit to file a second Section 2255 petition, based on *United States v. Davis*, 139 S. Ct. 2319 (2019), in which the Supreme Court invalidated Section 924(c)(3)(B) (residual clause) as unconstitutionally

2

vague.  *See id.*  By Order of May 22, 2020, the Tenth Circuit granted the authorization. The court noted, however, that it was not considering the applicability of defendant's waiver of collateral attack or the merits of defendant's argument under *Davis*.  On June 19, 2020, defendant filed the instant Section 2255 petition as authorized by the Tenth Circuit.

II.   **Analysis**

As a preliminary matter, the Court addresses the applicability of defendant's waiver of collateral attack in his plea agreement.  This Court relied on that waiver in dismissing defendant's first Section 2255 petition, and the Tenth Circuit expressly declined to address the applicability of that waiver in authorizing defendant's second petition.  In opposing the second petition, however, the Government has not addressed the applicability of the waiver or asked this Court to enforce the waiver.  Accordingly, the Court will not dismiss this petition on the basis of the waiver, and it will instead consider the merits of defendant's petition.

Defendant was convicted of violating 18 U.S.C. § 924(c)(1)(A)(ii), which provides for a term of imprisonment of seven years if a person uses and brandishes a firearm during a "crime of violence."  *See id.*  "Crime of violence" is defined in the statute to mean an offense that is a felony and

> (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the elements clause], or

> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the residual clause].

3

*See id.* § 924(c)(3).  In *Davis*, the Supreme Court held that this definition's residual clause (Section 924(c)(3)(B)) is unconstitutionally vague.  *See Davis*, 139 S. Ct. 2319.  Thus, defendant's Section 924 conviction can only be based on the statute's elements clause, which requires that the particular offense in which he used and brandished a firearm – in this case, bank robbery under 18 U.S.C. § 2113(a) – have as an element the use of force.  Section 2113(a) imposes punishment on the following persons:

> Whoever, by force and violence, or by intimidation, takes or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property . . . [of] any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association . . . with intent to commit . . . any felony . . . or any larceny . . . .

*See id.*

Defendant argues that Section 2113(a) is not a "crime of violence" for purposes of Section 924(c)(3)(A) for two reasons.  First, defendant appears to concede that Section 2113(a) is divisible in the sense that its two paragraphs set forth two separate crimes with separate elements – for bank robbery (first paragraph) and for bank larceny (second paragraph).  Defendant argues that the bank robbery crime is not a "crime of violence" under the applicable categorical approach because that crime may be committed through the means of extortion, which does not ordinarily involve the use of force.  Second, defendant argues that Section 924(c) requires a higher level of *mens rea* than Section 2113(a).

4

The Court easily disposes of the second argument, as the Tenth Circuit has already rejected the same *mens rea* argument made in the context of the ACCA.  *See United States v. Deiter*, 890 F.3d 1203, 1212-14 (10th Cir.) (holding that a violation of Section 2113(a) requires more than mere recklessness or negligence), *cert. denied*, 139 S. Ct. 647 (2018).

The Court thus turns to defendant's argument based on Section 2113(a)'s extortion clause.  The Supreme Court has adopted a categorical approach for this type of inquiry, whereby a court does not consider the facts of the particular case, but instead determines whether the elements of the statutory offense require the use of force.  *See Davis*, 139 S. Ct. at 2328 (categorical approach required for both the elements clause and the residual clause of Section 924(c)(3)); *United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017) (applying categorical approach in considering whether a conviction qualifies as a "violent felony" under the ACCA), *cert. denied*, 138 S. Ct. 1438 (2018).

This approach first requires a court to determine whether the statute of offense is divisible or indivisible.  An indivisible statute lists a single set of elements that may include various means of commission.  *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). A divisible statute "sets out one or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building or an automobile."  *See Descamps v. United States*, 570 U.S. 254, 257 (2013).  For an indivisible offense, the court considers whether the least minimum conduct necessary for a conviction requires the use of force.  *See McCranie*, 889 F.3d at 679 (citing *Harris*, 844 F.3d at 1268 n.9).  If a statute is divisible and some of the alternative elements require the use of force, then the court may consider documents such as the indictment or jury instructions to determine which of

the alternatives constituted the crime of conviction in the particular case. *See Mathis*, 136 S. Ct. at 2249.

As noted above, defendant argues that although Section 2113(a) may be divisible between its first and second paragraphs, its first paragraph is indivisible, with extortion as an alternative means (along with force and intimidation) for commission of the crime; and that because extortion does not require the use of force, that offense is not a crime of violence. Thus the Court must determine whether the first paragraph of Section 2113(a) indivisibly sets forth elements for a single crime, or is divisible, setting forth separate crimes of bank robbery (involving force or intimidation) and bank extortion.[3]

The Tenth Circuit has not explicitly addressed this issue. In *McCranie*, the Tenth Circuit rejected the argument that bank robbery by intimidation does not involve the threatened use of force, and it therefore held that bank robbery under Section 2113(a) is categorically a "crime of violence" under Section 4B1.2(a) of the Sentencing Guidelines. *See McCranie*, 889 F.3d 677. In that case, the court did not consider Section 2113(a)'s extortion clause, and thus it did not expressly decide whether the statute is divisible specifically with respect to extortion. Nor has the Tenth Circuit done so in any other case.

Nevertheless, the Tenth Circuit has consistently treated the first paragraph of Section 2113(a) as divisible, setting forth separate crimes for bank robbery and bank extortion. In *McCranie*, the court stated that the relevant portion of Section 2113(a)

---

[3] Although defendant expressly and clearly raised this issue, the Government in its response brief declined to address it, and instead relied solely on the Tenth Circuit cases discussed herein.

requires an actual or attempted taking "by force and violence, or by intimidation," and that federal "bank robbery" is therefore a crime of violence. *See id.* at 679, 681.  The court thus declined to consider obtaining by extortion to be part of the same offense.

In *United States v. McGuire*, 2016 WL 4479129 (D. Kan. Aug. 25, 2016) (Marten, J.), the district court, applying the Supreme Court's modified categorical approach, noted that the defendant had been convicted of violating the robbery component of Section 2113(a), not that statute's separate extortion offense. *See id.* at *2.  In denying a certificate of appealability from that decision, the Tenth Circuit stated that Section 2113(a) is divisible into "at least" two sets of elements, including taking by force or intimidation (from the first paragraph) and entering with intent to commit a felony (the second paragraph). *See United States v. McGuire*, 678 F. App'x 643, 645 n.4 (10th Cir. 2017) (unpub. op.).  The court thus held that bank robbery by force or intimidation was a crime of violence, without considering extortion as another means to commit the same divisible offense. *See id.* at 644-45.

Similarly, in *United States v. Ybarra*, 2017 WL 3189554 (D.N.M. Feb. 15, 2017), *report and recommendation adopted*, 2017 WL 3189555 (D.N.M. July 25, 2017), the district court, in ruling that the defendant had been properly sentenced for a "violent felony" under ACCA, ruled that Section 2113(a) was divisible into three offenses:  taking by force or intimidation; obtaining by extortion; and entering to commit a felony. *See id.* at *5.  In affirming, the Tenth Circuit noted that the parties had agreed that Section 2113(a) is divisible and that the defendant had been convicted under the portion prohibiting a taking by force or violence or intimidation. *See United States v. Ybarra*, 730 F. App'x 660, 662

7

(10th Cir.) (unpub. op.), *cert. denied*, 139 S. Ct. 456 (2018). Thus, the court implicitly considered that divisible offense not to include the prohibition against obtaining by extortion.

In multiple other cases, the Tenth Circuit has ruled that bank robbery by force or intimidation under Section 2113(a) is categorically a crime of violence, without including extortion as part of that same offense under consideration. *See United States v. Harden*, 787 F. App'x 547, 547-48 (10th Cir. 2019) (unpub. op.); *United States v. Rinker*, 746 F. App'x 769, 772 (10th Cir. 2018) (unpub. op.); *United States v. Higley*, 726 F. App'x 715, 717 (10th Cir.) (unpub. op.), *cert. denied*, 139 S. Ct. 149 (2018). Even in the case of the present defendant, in denying a certificate of appealability from this Court's dismissal of defendant's first Section 2255 petition, the Tenth Circuit relied on its holding in *McCranie* that bank robbery under Section 2113(a) is categorically a crime of violence. *See Hill*, 745 F. App'x at 79. In so ruling, the Tenth Circuit assumed that Section 924(c)'s residual clause was invalid under *Johnson*, and nothing has changed to warrant alteration of that result.

Although the Tenth Circuit has not directly addressed whether obtaining by extortion under Section 2113(a) is separate crime, other circuits have. Less than two months ago, the First Circuit engaged in a thorough analysis and concluded that bank robbery by force or intimidation is divisible from bank extortion under Section 2113(a). *See King v. United States*, 965 F.3d 60 (1st Cir. 2020). Following the lead of the Supreme Court, the First Circuit resolved the issue by examining the statutory language and precedent. *See id.* at 66-67 (citing *Mathis*, 136 S. Ct. at 2256). First, the court noted that

8

the statute does not merely list force and intimidation and extortion as alternative means, but rather separates *taking* by force or intimidation from *obtaining* by extortion, which language supports the interpretation that the taking and obtaining are separate crimes with separate elements. *See id.* at 68. The court further noted that the legislative history supports that interpretation, as Congress's intent in adding extortion to Section 2113(a) was to make clear that bank extortion fell within this statute, not the Hobbs Act, and courts (including the Tenth Circuit) have treated Hobbs Act robbery and extortion as divisible offenses. *See id.* at 68-69 (citing, inter alia, *United States v. O'Connor*, 874 F.3d 1147, 1152 (10th Cir. 2017)). Second, the First Circuit in *King* was persuaded by the fact that other circuits "have concluded that the robbery and extortion clauses of § 2113(a) constitute alternative elements rather than alternative means." *See id.* at 69; *see also United States v. Evans*, 924 F.3d at 21, 28 (2d Cir.) (cited in *King*), *cert. denied*, 140 S. Ct. 505 (2019); *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018) (cited in *Evans* and *King*), *cert. denied*, 139 S. Ct. 203 (2019).

Defendant has not cited any contrary authority from a court directly addressing whether the first paragraph of Section 2113(a) is divisible in this way. Defendant cites cases from the Fourth Circuit and the Seventh Circuit, but those courts were deciding only whether the first and second paragraphs state separate crimes, and they had no occasion to determine further whether the first paragraph itself is divisible into separate crimes. *See United States v. Williams*, 841 F.3d 656 (4th Cir. 2016); *United States v. Loniello*, 610 F.3d 488 (7th Cir. 2010). Defendant cites two cases from the First Circuit with language suggesting that extortion might be an alternative means, but that court's decision in *King*,

which directly addresses the issue at hand and in which the court distinguished its earlier cases, makes those citations unhelpful.

Defendant also cites *United States v. Lewis*, 720 F. App'x 111 (3d Cir. 2018) (unpub. op.), in which the Third Circuit combined force and intimidation and extortion within a single element of the offense under Section 2113(a). *See id.* at 115. In that unpublished, non-precedential opinion, however, the court did not address whether obtaining by extortion could be a separate element, not merely an alternative means. *See id.* Moreover, *Lewis* actually undermines defendant's position – the Third Circuit concluded that intimidation (not extortion) was the least culpable means of violating the statute, *see id.*, and as noted above, the Tenth Circuit has made clear that intimidation does involve the use of force.

In light of such authority, this Court concludes that the Tenth Circuit would hold that the first paragraph of Section 2113(a) is divisible and states separate crimes of bank robbery and bank extortion. As discussed above, prior decisions of the Tenth Circuit suggest that that court has viewed bank robbery as separate from bank extortion. Moreover, the First Circuit's opinion in *King* is well-reasoned and persuasive, and it is likely that the Tenth Circuit would agree with all other circuits that have decided the issue. Accordingly, the Court will treat the statute as divisible and consider bank robbery and bank extortion to be separate crimes under Section 2113(a).

The Court must therefore determine the particular offense of which defendant was convicted in this case, in accordance with *Mathis*. Both the criminal complaint and defendant's plea admissions indicate that defendant and his accomplice accomplished the

robbery by threatening the bank teller with a gun.  In light of those facts, defendant's predicate crime was a taking by force under Section 2113(a).[4]  That offense is a crime of violence for purposes of Section 924(c).  Accordingly, the court denies defendant's petition to vacate that conviction.

### III.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).[5]  To satisfy this standard, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).  Because it is clear that defendant is not entitled to relief, the Court denies a certificate of appealability in this case.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's petition for relief pursuant to 28 U.S.C. § 2255 (Doc. # 73) is hereby **denied**.

---

[4] Defendant has not offered any argument concerning which offense he committed if the first paragraph of Section 2113(a) is deemed divisible.

[5] [1]The denial of a Section 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

IT IS SO ORDERED.

Dated this 3rd day of September, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge