IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

DALE K. HILL,

Defendant.

Case No. 11-20090-01-JWL

**MEMORANDUM AND ORDER**

In 2012, defendant pled guilty to one count of armed bank robbery under 18 U.S.C. §§ 2113(a) and (d), and one count of brandishing a firearm during and in relation to the bank robbery under 18 U.S.C. § 924(c)(1)(A)(ii). He was sentenced to seventy-seven months for the armed bank robbery and eighty-four months for using a firearm during a crime of violence, to be served consecutively. Defendant is presently incarcerated at USP Leavenworth and his anticipated release date is February 18, 2023.

This matter is now before the court on defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 78). That statute allows a defendant to bring a motion for reduction of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id.* The government concedes

that defendant has exhausted his administrative remedies such that the court has jurisdiction to consider the motion on its merits.

The moving defendant bears the burden of establishing that "compassionate release" is warranted under § 3582(c)(1)(A), and a court exercises its discretion in ruling on such a motion. *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (Lungstrum, J.) (citing cases).

Section 3582(c)(1)(A) provides that a court may reduce a sentence if it finds, after considering applicable factors from § 3553(a), that (a) extraordinary and compelling reasons warrant the reduction and (b) the reduction is consistent with the applicable policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). To address this statutory provision, the Sentencing Commission promulgated the policy statement found at U.S.S.G. § 1B1.13, which adds the requirement that the defendant not be a danger to the safety of another person or the community. *See id*. In addition, in Application Note 1 to the statement, the Commission set forth four circumstances (in subdivisions (A) through (D)) under which "extraordinary and compelling reasons" may exist. *See id*. applic. note 1. In this case, the court looks to subdivision (D), known as the "catchall" provision, which provides as follows:

> **(D) Other Reasons**. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*See id*. Subdivision (D) thus provides that circumstances other than those listed in subdivisions (A) through (C) may be sufficient to warrant relief, as determined by the

Bureau of Prisons (BOP). The BOP has made no such determination in this case. Nevertheless, as this court has previously determined, in accordance with the weight of authority, the court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute. *See Jackson*, 2020 WL 2812764, at *3.

Defendant argues that extraordinary and compelling reasons for immediate release from prison exist because his medical conditions (diabetes and hypertension) create an increased risk of serious harm or death from the ongoing coronavirus pandemic. The government concedes that defendant's medical conditions constitute extraordinary and compelling reasons sufficient for this court to consider early release under the statute. Nonetheless, the government opposes the motion on the grounds that the § 3553(a) factors weigh against early release in light of the nature and seriousness of defendant's offenses and the need to provide just punishment for those offenses. Thus, the sole question before the court is whether the § 3553(a) factors outweigh the risks to defendant's health if he remains incarcerated.[1]

[1] Defendant also contends that the mingling of Covid-positive inmates with other inmates violates the Eighth Amendment. Courts have routinely recognized that a motion for compassionate release is not an appropriate vehicle for an Eighth Amendment claim. *See, e.g.*, *United States v. Mabry*, 2020 WL 6786901, at *3 (E.D.N.C. Nov. 18, 2020) (citing cases); *United States v. Smith*, 2020 WL 6702173, at *6 n.8 (S.D. Ohio Nov. 13, 2020) (collecting cases); *United States v. Sanchez-Rodriguez*, 2020 WL 5057447, at *3 n.5 (N.D. Tex. Aug. 27, 2020). To the extent defendant seeks to assert a claim that prison officials' deliberate indifference to his medical needs violates his Eighth Amendment rights, he must seek relief in a lawsuit pursuant to *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Mabry*, 2020 WL 6786901, at *3. To the extent defendant seeks to challenge the execution of his Continued…

The court concludes in its discretion, for the reasons set forth below, that the risk to defendant's health if he remains in custody is outweighed by the need for continued incarceration under the circumstances presented here. In other words, the court finds that compassionate release would materially depart from an appropriate § 3553(a) sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring the consideration of applicable § 3553(a) factors if court finds that extraordinary and compelling reasons warrant reduction). The § 3553(a) factors include (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a)(1)–(6)).

Applying those factors here, the court declines to reduce defendant's sentence. To begin, the court notes that a firearm was associated with defendant's robbery and his convictions include one count of brandishing a firearm during a crime of violence. These are serious offenses and while defendant has served nearly 80 percent of his sentence, that 80 percent does not serve the purposes of sentencing. To release defendant at this point would constitute an unjustified windfall. This is particularly true where defendant's criminal history is lengthy—beginning in 1982 at the age of 22—and reflects a variety of

---

confinement and seeks immediate release from custody due to alleged Eighth Amendment violations, he must file a petition seeking habeas corpus relief under 28 U.S.C. § 2241. *See id*.

serious crimes, including theft, carjacking, assault and felon-in-possession convictions. Defendant's criminal history also reflects a continuing disrespect for the law and an inability to comply with conditions of probation, with defendant committing several offenses while on probation on various times. In light of these circumstances, the court cannot conclude that defendant is a proper candidate for compassionate release.

In short, the court finds that defendant's sentence remains sufficient but not greater than necessary to serve the purposes of sentencing. *United States v. Richardson*, 2020 WL 6710808, at *4 (D.S.C. Nov. 16, 2020) (denying motion for compassionate release despite fact that defendant had served substantial portion of sentence and was within 3 years of release where defendant committed armed robberies, while brandishing firearms, after having been convicted and incarcerated for multiple serious prior offenses); *United States v. Granderson*, 6702024, at *3 (D. Nev. Nov. 13, 2020) (denying motion for compassionate release in light of defendant's serious criminal history); *United States v. Davila*, 2020 WL 6499562, at *3 (D. Conn. Nov. 5, 2020) (denying motion for compassionate release despite increased vulnerability to COVID-19 where defendant had substantial criminal history, demonstrated recidivism and committed offenses while on probation); *United States v. McCoy*, 2020 WL 6118825, at *3 (E.D. Cal. Oct. 16, 2020) (denying motion for compassionate release where defendant's criminal history began at age 20 and was "replete with revocations of parole and violations of her probation" demonstrating a "utter" disregard of court orders and a lack of respect for the rule of law).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release (doc. #78) is hereby **denied**.

**IT IS SO ORDERED.**

Dated this 2nd day of December, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge